Filed 8/26/24  P. v. Ramirez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL JUNIOR RAMIREZ,<br><br>    Defendant and Appellant. | B331677<br><br>Los Angeles County<br>Super. Ct. No. BA376981 |

APPEAL from a post judgment order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Reversed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Manuel Junior Ramirez appeals the trial court's denial of his petition for resentencing. Ramirez argues the trial court erred in denying his petition on the grounds that Ramirez was "the actual and known shooter," when there was no factual basis for his plea in the record. The prosecutor concedes the trial court engaged in improper factfinding. We agree. Because the record does not conclusively establish that Ramirez is ineligible for resentencing, we reverse the trial court's denial and remand for an evidentiary hearing. Statutory citations are to the Penal Code.

In 2015, Ramirez pleaded no contest to attempted murder in violation of sections 664 and 187(a). He also admitted to violating section 12022.53(d) by personally using a firearm, and that he committed the crime for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by its members, under section 186.22(b)(1)(c). Ramirez, through counsel, also stipulated to "a factual basis" for his plea.

The court sentenced Ramirez to 29 years in prison.

Ramirez filed a petition for resentencing under section 1170.95 (now section 1172.6). Section 1172.6 provides the mechanism by which defendants may seek the relief offered by Senate Bill 1437, effective January 1, 2019 (2017-2018 Reg. Sess.) (SB 1437.) (§ 1172.6, subd. (a).) SB 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Under Senate Bill 775

2

(2021-2022 Reg. Sess.), effective January 1, 2022, defendants convicted of attempted murder under the natural and probable consequences doctrine are also eligible for SB 1437 resentencing relief.

Ramirez's petition was facially sufficient, and the court appointed counsel to represent him.

At the prima facie hearing, the court stated Ramirez had previously entered a plea admitting to "willful, deliberate, and premeditated attempted murder," and made the finding that Ramirez "was the actual and lone shooter who wounded the underlying victim by shooting at him from a vehicle." The court found Ramirez ineligible for relief as a matter of law, and entered an order denying Ramirez's petition.

On appeal, Ramirez argues the court erred in denying his petition because it improperly engaged in factfinding at the prima facie stage. He points us to the transcript of his plea hearing, which we italicize for emphasis, at which he pleaded "no contest" to "attempted murder, *not* willful, deliberate, and premeditated, but *just attempted murder*." The trial court erred when it found that Ramirez had admitted to "willful, deliberate, and premeditated attempted murder."

The prosecutor agrees with Ramirez, observing that there is no preliminary hearing transcript, and that Ramirez did not make any admissions or statements about the nature of the attempted murder while entering his plea. It is thus immaterial that Ramirez agreed to "a factual basis" for his plea, because there are no facts in the record from which the court could evaluate his eligibility for resentencing relief. (See *People v. Strong* (2022) 13 Cal.5th 698, 708 [trial court may only deny a resentencing petition at the prima facie stage if the record of

3

conviction conclusively shows the petitioner is ineligible for relief.])

Notwithstanding the parties' agreement that the trial court erred, we reverse the trial court's decision only if it is reasonably probable the petitioner would have obtained a more favorable outcome had the error not occurred. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972-74.) In Ramirez's case, the trial court's error was prejudicial. Ramirez made a prima facie showing of eligibility, and the record of conviction does not conclusively refute his eligibility for relief. Thus, the court should have issued an order to show cause and held an evidentiary hearing. (§ 1172.6, subd. (c).)

## DISPOSITION

We reverse the order denying Ramirez's petition for resentencing. We remand to the trial court for an evidentiary hearing pursuant to section 1172.6, subdivision (d).


WILEY, J.


We concur:


STRATTON, P. J.


GRIMES, J.


4